ELIZA A. McCASKILL *et al.*, plaintiffs in error, *vs.* JOSIAH L. WARREN *et al.*, surviving partners, defendants in error.

1. That a writ of error is pending, to an order made at chambers continuing an application for receiver until the hearing, is no obstacle to granting the application, on the same bill and same facts, in term time, and before the main case is brought on for final hearing. To postpone a discretionary remedy, is not to bar it.

2. Discretion not abused.

Equity. Continuance. Receivers. Practice in the Superior Court. Before Judge CLARK. Macon Superior Court. December Term, 1876.

This was a bill in equity, filed by Mrs. McCaskill and her children, against J. W. Lathrop & Company, and other creditors of her husband, Murdock McCaskill, to enjoin them from taking possession of and levying upon certain property, alleging that it was the proceeds of a trust estate created by her father's will, for the benefit of herself and children. Lathrop & Company answered, denying all the material charges of the bill, and, by way of cross-bill, asked the appointment of a receiver, to take charge of and hold, subject to the final decree, the plantation to which they held a deed from Murdock McCaskill. They alleged that the title to this place had been in the said Murdock McCaskill until he conveyed it to them, in satisfaction of his indebtedness.

This application for a receiver came up at a regular term of Macon superior court. Complainants objected to

its proceeding then upon the ground that a prior application, made in vacation, had been postponed by the chancellor until the hearing, exception taken to such decision, and no *remittitur* had yet been returned and entered on the minutes. No new matter was presented as having arisen since the continuance. The chancellor directed the case to proceed, and complainants excepted. The application was granted, and a receiver appointed.

In the course of the litigation James W. Lathrop, senior, died. The case proceeded in the names of Josiah L. Warren and James W. Lathrop, junior, as surviving partners.

HAWKINS & HAWKINS, for plaintiffs in error.

No appearance for defendants.

BLECKLEY, Judge.

1. When, in an equity cause, an application for a receiver, made in vacation, has been continued till the hearing, and a writ of error to the order of continuance has been sued out, it is competent for the judge, during the term of the superior court, and before any *remittitur* from the supreme court has been returned, to bring on the cause for a hearing, as to the application, and to appoint a receiver, though the main case be not heard, and though no new matters bearing on the merits of the application have arisen. To postpone a discretionary remedy, such as that of appointing a receiver, is not to bar it.

2. On the facts contained in the record, the appointment of a receiver was not the usurpation of power, nor the abuse of power.

Judgment affirmed.